**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Henry S.,
Petitioner Below, Petitioner**

**vs.) No. 19-1137** (Clay County 14-P-5)

**Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Henry S., by counsel Andrew Chattin, appeals the Circuit Court of Clay County's November 15, 2019, order denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent of the Mt. Olive Correctional Complex, by counsel Gordon L. Mowen II, filed a response. On appeal, petitioner argues that the circuit court erred in denying his petition for a writ of habeas corpus based upon ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2010, the grand jury indicted petitioner on two counts of first-degree sexual assault and two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, in violation of West Virginia Code §§ 61-8B-3 and 61-8D-5, respectively. In March of 2011, petitioner entered a "no contest" plea to one count of first-degree sexual assault. In exchange, the State dismissed the remaining three counts against petitioner.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

At a sentencing hearing in May of 2012, the trial court sentenced petitioner to an indeterminate term of 25 to 100 years of incarceration. The trial court further imposed 25 years of sexual offender supervision upon his release. Thereafter, petitioner filed a direct appeal. This Court affirmed petitioner's conviction/sentence by memorandum decision. *See State v. Henry S.*, No. 12-0796, 2013 WL 3184854 (W. Va. Jun. 24, 2013)(memorandum decision).

In July of 2014, petitioner, without the assistance of counsel, filed a petition for a writ of habeas corpus. Relevant to this appeal, petitioner alleged that his trial counsel was ineffective. The habeas court appointed counsel and held an omnibus hearing in November of 2017. Petitioner testified that trial counsel, on the few occasions he met with petitioner, never reviewed discovery with him and simply told him "[d]on't worry about it and just don't talk." Petitioner stated that trial counsel also failed to investigate his case, hire a private investigator, or interview certain people petitioner asked counsel to interview. Petitioner also testified that his trial counsel failed to go over the indictment and the plea agreement with him. Petitioner denied that trial counsel explained the plea agreement to him prior to the plea hearing and testified that he did not understand the terms of the plea agreement when he signed it. Petitioner stated that he had "no clue what was going on" and that trial counsel repeatedly told petitioner that he would "explain later" but never did. Petitioner further stated that trial counsel never explained the consequences of entering a "no contest" plea and misinformed him that the sentence for first-degree sexual assault was 15 to 25 years instead of 25 to 100 years. Petitioner testified that he only learned of the 25-to-100-year sentence when the trial court informed him of that sentence at the plea hearing. According to petitioner, he told his trial counsel he did not want to accept the plea upon learning of the actual sentence but that counsel and the prosecutor told him if he followed through with the plea they would argue for one year of probation instead.

Trial counsel testified that he met with petitioner on several occasions to discuss options in his case, including plea agreements and sentencing. Trial counsel denied that he promised petitioner any sentence and stated he informed petitioner that sentencing was ultimately up to the trial court. Trial counsel also denied that petitioner was ever informed that a sentence of one year of probation was available, stating he could not "fathom [probation] ever happening" and that he had never known probation to be a consideration for felony charges such as these. Trial counsel admitted that he initially misspoke and informed petitioner that the potential sentence was 15 to 25 years but stated that he corrected his misstatement prior to petitioner signing the plea agreement. Trial counsel testified that he provided petitioner with certain discovery, including the police report and the indictment, but did not provide petitioner with discovery that was confidential in nature, such as the child victim's interview. However, trial counsel said he reviewed or discussed all discovery with petitioner to ensure that he understood the evidence. Trial counsel stated that he did not request the grand jury transcript because, after reviewing everything, he did not consider it to be important at that time. Trial counsel also testified that he was familiar with the case and did not believe there was a need to hire a private investigator. Trial counsel acknowledged that petitioner requested he speak to a certain individual to determine whether an argument of mistaken identity could be made. However, upon further investigation, trial counsel discovered that the lead was not legitimate and, as such, did not interview the individual in question.

The habeas court entered an order denying petitioner habeas relief on November 15, 2019. The habeas court found that petitioner failed to establish that trial counsel's assistance was

ineffective. The habeas court noted that while petitioner claimed that trial counsel failed to investigate the case, provide petitioner with copies of discovery and plea offers, or obtain a copy of the grand jury transcript, petitioner failed to provide "even a mere scintilla of evidence or legal authority to support these claims." More specifically, petitioner failed to identify what discovery he was not provided, failed to set forth what other alleged plea offers he believed had been extended to him, or establish how the grand jury transcripts would have altered the outcome of his case.

Regarding his claims that trial counsel failed to advise him of his rights, failed to meet with him, promised him probation in exchange for his plea, and misinformed him of the sentence for first-degree sexual assault, the habeas court likewise found that petitioner was entitled to no relief given his failure to provide any evidence in support. In reviewing the plea hearing transcript, the habeas court found petitioner's testimony at the omnibus hearing to be "starkly juxtaposed to the responses he provided through his colloquy with the trial court during the plea taking process." The habeas court further found that the plea hearing transcript demonstrated that petitioner was extensively informed of his rights and acknowledged that his trial counsel had reviewed them with him. Petitioner also acknowledged that trial counsel reviewed the plea offer with him and took a brief recess to speak with petitioner once more before he entered into the plea. The colloquy with the trial court demonstrated that petitioner acknowledged that no promises as to sentencing were made and that the trial court was not bound by any requests made by either trial counsel or the prosecuting attorney. The habeas court noted that the transcript revealed that petitioner informed the trial court that trial counsel had met with him no less than fifteen times throughout the pendency of the case. Although trial counsel admitted at the omnibus hearing that he initially misinformed petitioner as to the possible sentence, the habeas court found that such misinformation was harmless as trial counsel was able to correct his statement, petitioner took a recess during the plea hearing to confer with trial counsel about the plea, and he nevertheless continued to accept the plea. Petitioner indicated on the record during the plea hearing that all of his answers to the trial court's questions were truthful, that he had no complaints with his trial counsel, and that trial counsel did everything petitioner asked him to do. As such, the transcript demonstrated that petitioner's arguments at the omnibus hearing were not supported by the record. For these reasons, the habeas court found that petitioner failed to demonstrate that his trial counsel's actions were objectively unreasonable or that the outcome would have been different if trial counsel had acted in a different manner. It is from the November 15, 2019, order denying him habeas relief that petitioner appeals.

On appeal, petitioner argues that the habeas court erred in denying him relief as his trial counsel was ineffective for several reasons, including that his trial counsel 1) failed to communicate with him, 2) failed to provide petitioner all discovery, 3) failed to properly investigate the evidence, 4) failed to fully explain the plea offer and potential sentence, 5) coerced petitioner into accepting the plea offer, and 6) failed to file a motion for reconsideration after sentencing.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Regarding claims of ineffective assistance of counsel, we have held that

[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Moreover,

[i]n cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). Lastly, "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Skipping to the second prong of the *Strickland/Miller* test, we find that petitioner's claim of ineffective assistance of counsel fails. In his brief, petitioner provides absolutely no analysis or argument that there was a reasonable probability that, but for trial counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. In his sole statement on the second prong, petitioner concludes that "had his trial counsel not been so ineffective . . . the outcome would have certainly been different." Petitioner's simple restatement of the second prong, without any further analysis, is insufficient to support his claim of ineffective assistance of counsel, and his failure to meet his burden of proof with regard to this prong is fatal to his entire argument. The habeas court performed a detailed analysis and found that petitioner's trial counsel was not ineffective for any of the reasons raised by petitioner. The habeas court found that petitioner failed to provide even a "mere scintilla of evidence or legal authority" in support of his claims. The habeas court also found that petitioner's testimony at the omnibus hearing was not supported by the record. Instead, the plea hearing transcript demonstrated that, contrary to his claims, petitioner was extensively informed of his rights, acknowledged that trial counsel reviewed his rights and

4

the plea agreement with him, affirmed that no promises as to sentencing were made, and agreed that trial counsel did everything petitioner asked of him. On appeal, petitioner does not raise any issue with the habeas court's findings and simply reiterates his arguments from below. As noted above, this restatement of his argument without further analysis is simply insufficient to support his claims. Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, we affirm the circuit court's November 15, 2019, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** August 27, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton